# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY S. ADAMS; ZACH BRIDGES; JUNIOR DANIEL; MARY E. GENUNG; JULIE HORTON; PHYLLIS KENNEDY HOWELL; JULIA B. MORRIS; MEGAN PARTON; CHERED PEARSON; AMY POWERS; STEPHANIE SALINGS; VELISKA THOMAS; and JANET ZARZOUR, <br><br>*Plaintiffs,* <br><br>v. <br><br>WELLNESS SOLUTIONS GERIATRICS, PLLC; LAURA S. REAVES; STEVEN L. SCESA; JOHN W. CAIN, II; and GOLDEN GRIFFON, LLC, <br>*Defendants*. | CASE NO. _____ <br><br>JUDGE _____ <br><br>JURY DEMAND |

## COMPLAINT

1. Plaintiffs bring this action for unpaid compensation against Defendants Wellness Solutions Geriatrics, PLLC ("WSG" or "Company"), Laura S. Reaves, Steven L. Scesa, John W. Cain, II, and Golden Griffon, LLC ("Golden Griffon") (collectively "Defendants").

2. Plaintiffs seek to recover all unpaid minimum and overtime wages and liquidated damages under the FLSA, 29 U.S.C. §§ 201, *et seq*.

3. Plaintiffs also seek to recover unpaid compensation owed pursuant to employment contracts to perform work for Defendants as a result of Defendants' breach of those contracts. In the alternative to this breach of contract claim, Plaintiffs seek monetary damages as to all amounts by which Defendants have been unjustly enriched by accepting their uncompensated labor.

4. Plaintiffs also seek financial compensation for financial losses caused by defendants' common law fraud, including punitive damages, as well as financial compensation, civil penalties and punitive damages for losses caused by defendants' willful violations of Tennessee law, Tenn. Code Ann. §50-2-103(a)(1), as set forth below.

## I. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' joint claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' breach of contract, unjust enrichment, fraud, and state law violation claims pursuant to 28 U.S.C. § 1367 because Plaintiffs' state law claims are so related to the claims asserted under the FLSA that they form part of the same case and controversy.

7. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants Reaves and Cain reside in this judicial district, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because Defendants are subject to this Court's personal jurisdiction with respect to this action. Venue also lies in this judicial district pursuant to the parties' employment agreements.

## II. PARTIES

8. Each of the plaintiffs identified below was at all times material hereto an employee of Defendants within the meaning of the FLSA.

9. Kimberly S. Adams is a resident of Hixson, Tennessee.

10.. Plaintiff Zach Bridges is a resident of Chattanooga, Tennessee.

11. Plaintiff Junior Daniel is a resident of Cypress Inn, Tennessee.

12. Plaintiff Mary E. Genung is a resident of Gallatin, Tennessee.

13. Plaintiff Julie Horton is a resident of Signal Mountain, Tennessee.

14. Plaintiff Phyllis Kennedy Howell is a resident of Barney, Georgia.

15. Plaintiff Julia B. Morris is a resident of Franklin, Tennessee.

16. Plaintiff Megan Parton is a resident of Winchester, Tennessee.

17. Plaintiff Chered Pearson is a resident of Crossville, Tennessee.

18. Plaintiff Amy Powers is a resident of Lebanon, Tennessee.

19. Plaintiff Stephanie Salings is a resident of Bee Spring, Kentucky, Tennessee.

20. Plaintiff Veliska Thomas is a resident of Chattanooga, Tennessee.

21. Plaintiff Janet Zarzour is a resident of Chattanooga, Tennessee.

22. Defendant WSG is a Tennessee professional limited liability company with its headquarters at 73 White Bridge Road, #103-243, Nashville, Tennessee, 37205-1444, and conducts business within this judicial district.

23. Defendant WSG employed individuals who were engaged in interstate commerce and/or in the production of goods for interstate commerce.

24. Defendant WSG was an employer within the meaning of the FLSA.

25. Upon information and belief, Defendants Laura S. Reaves, Steven L. Scesa, and John W. Cain, II (the "Individual Defendants") each own and/or manage WSG.

26. The Individual Defendants were responsible for the day-to-day operations of Defendant WSG and for implementing and enforcing its employment policies, including the specific employment decision[s] challenged in this case. The Individual Defendants acted directly and indirectly in the interests of Defendant WSG.

27. The Individual Defendants were employers within the meaning of the FLSA.

28. Defendant Golden Griffon is a Delaware Limited Liability Company with its headquarters located at 73 White Bridge Road, #103-243, Nashville, Tennessee 37205-1444.

29. Defendant Steven L. Scesa is the sole owner of Defendant Golden Griffon, LLC, is its registered agent and exercises exclusive control over it.

30. Upon information and belief, Defendant Steven L. Scesa's earnings from WSG have been paid directly to Defendant Golden Griffon.

31. Upon information and belief, Golden Griffon's purpose is to secure Defendant Steven L. Scesa's financial gains from WSG.

32. Golden Griffon acts in the interests of WSG, and both Defendants are employers under the FLSA.

3

### III. FACTS

33. Plaintiffs were employees of Defendants since before at least November 2018.

34. Defendants entered into valid and enforceable contracts with their employees, including with Plaintiffs, to provide services in exchange for compensation as set forth in those agreements.

35. Tennessee law governs Defendants' contracts with their employees.

36. From in or around mid-November 2018 through in or around mid-February 2019, Defendants failed to pay Plaintiffs at least $7.25 per hour for hours up to 40 in a workweek and at least $10.88 per hour for hours over 40 in a workweek.

37. During this time period Plaintiffs performed work for Defendants, including work in excess of 40 hours in a workweek.

38. However, for work performed during the period from mid-November 2018 through in or around the end of November, Defendants paid only a fraction of the wages earned by their employees and owed under their contracts.

39. For work performed during the period from in or around the beginning of December 2018 through sometime in or around February 2019, Defendants paid none of the wages earned by their employees while the Plaintiffs continued to work.

40. Defendants announced the partial November payment and the subsequent nonpayment to all employees via email. These announcements applied to Plaintiffs.

41. The Individual Defendants made and carried out the decision to make the partial November payment and not to make subsequent payments to employees during the period from mid-November 2018 through in or around February 2019.

42. By failing to pay Plaintiffs at least $7.25 per hour for hours up to 40 in a workweek and at least $10.88 per hour for hours over 40 in a workweek, Defendants violated the minimum wage and overtime provisions of the FLSA.

43. Defendants knew and acted with reckless disregard of the fact that their failure to pay Plaintiffs for their work violated the minimum wage and overtime requirements of the FLSA

and constituted a criminal offense in violation of Tenn. Code Ann. §50-2-103(a)(1) relating to the willful untimely payment of wages and compensation.

44. Defendants made false statements to conceal from Plaintiffs facts and information that might cause them to quit, including, but not limited to, WSG's financial condition, facts about Medicare reimbursement (which represented the primary source of income for WSG), and the acquisition of WSG by another entity.

45. Defendants employment contracts with Plaintiffs included a promise to carry reasonable medical malpractice insurance and to provide the plaintiffs with the opportunity to participate in benefit plans established for the employees of the company.

46. WSG did offer a health care plan to Plaintiffs and in which many of the Plaintiffs understood they were participating.

47. Defendant Scesa further represented to employees during the period in or about mid-November 2018 to in or about February 2019 that the company was paying their medical malpractice and health insurance premiums, when, in truth and in fact, it was not.

### IV. FIRST CAUSE OF ACTION — FLSA VIOLATIONS

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Plaintiffs were employees entitled to the FLSA's protections.

50. Defendants were employers covered by the FLSA.

51. The FLSA requires that employers pay covered employees at least $7.25 for every hour worked up to 40 in a workweek. 29 U.S.C. § 206(a).

52. The FLSA requires that employers pay covered employees at least $10.88 (one and one-half times the statutory minimum wage) for every hour worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a), 207(a).

53. Defendants compensated Plaintiffs for only a percentage of their work from in or around mid-November through the end of November 2018 and for none of their work from in or around the beginning of December 2018 through in or around February 2019.

54. Some of the uncompensated work performed by Plaintiffs during this period was in excess of 40 hours in a workweek.

55. Defendants have violated the FLSA by failing to pay Plaintiffs at least $7.25 per hour for all hours worked up to 40 in a workweek.

56. In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## V. SECOND CAUSE OF ACTION — BREACH OF CONTRACT

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Plaintiffs entered into agreements with Defendants to perform work in exchange for compensation and reimbursement for reasonable and necessary out of pocket expenses, as well as insurance coverage.

59. The agreements Plaintiffs made with Defendants are governed by Tennessee law.

60. During the period from in or around mid-November 2018 through in or around February 2019, Plaintiffs performed work for Defendants.

61. Defendants compensated Plaintiffs for only a fraction of their work and expenses from in or around mid-November through the end of November 2018 and for none of their work or expenses from in or around the beginning of December 2018 through in or around February 2019.

62. By performing work during this period of time, Plaintiffs performed all conditions precedent required of them under their agreements with Defendants.

63. By failing to compensate Plaintiffs for all work performed and expenses during this period, including WSG's failure to provide insurance as promised, Defendants failed and refused to perform their obligations in accordance with the terms and conditions of their agreements with Plaintiffs.

64. Defendants have therefore breached their agreements with Plaintiffs.

## VI. THIRD CAUSE OF ACTION — UNJUST ENRICHMENT
### (asserted in the alternative to Plaintiffs breach of contract claim)

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Plaintiffs assert this claim in the alternative to their Second Cause of Action for breach of contract.

67. Defendants are obligated to pay Plaintiffs for all time worked.

68. During the period from in or around mid-November 2018 through in or around February 2019, Plaintiffs performed work for Defendants.

69. Defendants compensated Plaintiffs for only some of their work from in or around mid-November through the end of November 2018 and for none of their work from in or around the beginning of December 2018 through in or around February 2019.

70. Defendants have received the benefit of the unpaid labor of Plaintiffs.

71. Defendants were aware of and appreciated the benefit that Plaintiffs conferred on them.

72. Defendants have therefore been unjustly enriched by accepting the work performed by Plaintiffs without proper compensation.

73. It would be unjust to allow Defendants to enjoy the fruits of the labor of Plaintiffs without proper compensation.

## VII. FOURTH CAUSE OF ACTION — FRAUD

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Beginning in or about mid-November 2018 and continuing until on or about February 28, 2019, the exact dates to the Plaintiffs unknown, Defendant Scesa, acting on behalf of Defendants, did knowingly, intentionally, and recklessly defraud Plaintiffs by means of false and fraudulent pretenses, representations and promises, to wit, the Defendants, without belief or regard for the truth, did falsely and fraudulently state and misrepresent to Plaintiffs various existing and past facts to keep Plaintiffs working in spite of Defendants' nonpayment of wages and expenses.

76. Specifically, Defendants falsely told Plaintiffs that they had health insurance and professional malpractice insurance when Defendants knew that the premiums had not been paid.

77. Defendants further falsely represented the company's financial condition to Plaintiffs and falsely promised that they would be paid upon WSG's sale.

78. Defendants provided employees with W-2 tax statements that inflated the amount of wages that the company had paid them.

79. Defendants repeatedly made false assertions that Plaintiffs would soon be paid.

80. The aforesaid false and fraudulent misrepresentations were material and knowingly made without regard to their truth and with reckless indifference to the truth.

81. The aforesaid false and fraudulent material misrepresentations were made for the purpose and with the intention of inducing plaintiffs to keep working for the Defendants for little or no pay.

82. The Plaintiffs relied upon Defendants' false and fraudulent misrepresentations to their detriment and injury and continued to work for Defendants without full and even any pay.

83. Defendants' conduct and representations constituted a constructive and an actual fraud upon Plaintiffs to their injury.

### VIII. FIFTH CAUSE OF ACTION — VIOLATION OF TENN. CODE ANN. §50-2-103

84. All previous paragraphs are incorporated as though fully set forth herein.

85. Tennessee law requires that "All wages or compensation of employees in private employment shall be due and payable not less frequently than once per month." Tenn. Code Ann. §50-2-103(a)(1).

86. Tennessee law further requires that where an employer "makes wage payments in two (2) or more periods per month, all wages and compensation of employees in private employments shall be due and payable as follows: (A) All wages or compensation earned and unpaid prior to the first day of any month shall be due and payable not later than the twentieth day of the month following the one in which the wages were earned; and (B) All wages or compensation earned and unpaid prior to the sixteenth day of any month shall be due and payable not later than the fifth day of the succeeding month."

87. Defendants did not comply with this statute, a violation of which is a Class B misdemeanor, by willfully failing to pay Plaintiffs wages and compensation for all work

8

Case 3:19-cv-00594   Document 1   Filed 07/12/19   Page 8 of 11 PageID #: 8

performed from in or about mid November 2018 through in or about February 2019 and did not provide other compensation as required by their contracts.

## IX. PUNITIVE DAMAGES

88. All previous paragraphs are incorporated as though fully set forth herein.

89. Plaintiffs are entitled to recover punitive damages for Defendants' fraud, and the criminal violations they committed by a failure to timely pay employee wages because Defendants conduct has been willful, intentional, fraudulent and reckless as set forth above.

90. Defendants' conduct in committing the aforesaid acts against Plaintiffs is clearly a gross deviation from the standard of care normally exercised by an ordinary person under the circumstances and entitles Plaintiffs to punitive damages to punish Defendants for their wrongful and even criminal conduct in essentially stealing the Plaintiffs' labor and to deter others from doing the same.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. A finding that Defendants have violated the minimum wage and overtime provisions of the FLSA;

B. A finding that Defendants' FLSA violations are willful;

C. A judgment against Defendants and in favor of Plaintiffs for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. A finding that Defendants have breached their contracts with Plaintiffs or, in the alternative, that Defendants have been unjustly enriched by accepting the benefit of the unpaid labor of Plaintiffs;

F. A judgment against Defendants and in favor of Plaintiffs for all damages resulting from the breach of their contracts, including, but not limited to, all compensation owed for work performed and expenses, as well as all consequential damages, or, in the alternative, for all

amounts by which Defendants have been unjustly enriched by accepting the benefit of the unpaid labor of Plaintiffs;

G.  A finding that Defendants committed fraud by intentionally making false and fraudulent material misrepresentations and promises;

H.  A finding that Defendant Sesca's false and fraudulent statements were made in his capacity as an agent of his Co-Defendants;

I.  A judgment against Defendants and in favor of Plaintiffs for all damages resulting from the aforesaid fraud to include all unpaid wages and expenses and the value of unpaid benefits (to the extent such wages and benefits are not recovered under one of Plaintiffs' other claims in this case), as well as consequential and punitive damages;

J.  A finding that the defendants did not comply with Tenn. Code Ann. §50-2-103(a)(1) by failing to pay Plaintiffs at least once per month;

K.  A finding that Defendants' violations of Tenn. Code Ann. §50-2-103(a)(1) of were willful;

L.  A judgment against Defendants and in favor of Plaintiffs for all wages and benefits not made in a timely manner pursuant to the statute, as well as any civil penalties and punitive damages authorized by law to be assessed against Defendants (to the extent such wages and benefits are not recovered under one of Plaintiffs' other claims in this case);

M.  Prejudgment interest to the fullest extent permitted under the law;

N.  Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, the Federal Rules of Civil Procedure, and Tennessee law; and,

O.  Such other and further relief as this Court deems just and proper in equity and under the law.

## X. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Dated: July 12, 2019.

/s/ Gary S. Humble
Gary S. Humble (TN Bar No. 007325)
1104 Applewood Circle
Signal Mountain, TN 37377
Telephone: (423) 664-6907

/s/ James A. Fields
James A. Fields (TN Bar No. 011484)
Samples, Jennings, Clem & Fields, PLLC
130 Jordan Dr.
Chattanooga, TN 37421
Telephone: 423-892-2006
Facsimile (423) 892-1919

Attorneys for the Plaintiffs